PER CURIAM.
The appellant was convicted of breaking and entering with intent to commit grand larceny, and grand larceny. This appeal challenges the sufficiency of the evidence.
A jewelry store on Flagler Street in Miami, Florida, was broken into by the smashing of the plate glass window. The breaking occurred at approximately 1:30 in the morning. It was observed by a pedestrian who was on the same side of the street. Merchandise valued at more than $100 was taken.
The testimony of the pedestrian established that the breaking and the theft were accomplished by two men. He testified that he observed two men approaching him on the same side of the street; that they “ducked” into a store front; that he immediately heard the breaking of glass; that one of the men hurried away but that the other, whom he identified as the defendant-appellant, was still at the window when the witness got there. The appellant was standing at the window holding a watch band and a watch box. An officer of the Miami Police Department saw the defendant running a short distance from the scene of the robbery. The officer stopped the defendant and took him to the store which had just been looted.
The substantial question presented upon argument is whether the evidence is insufficient to establish a concert of action so that this appellant may be held liable for the (1) breaking; (2) theft of merchandise in excess of $100. We hold that the facts set forth, taken together with appellant’s statement to the police officer that his friend broke the window, were sufficient to establish that the appellant and another agreed in concert to perpetrate the crimes charged. Therefore, the judgment is affirmed upon authority of Walker *500 v. State, 44 Fla. 466, 32 So. 954 (1902); Tomlinson v. State, 129 Fla. 658, 176 So. 543 (1937) and Walker v. State, 152 Fla. 455, 13 So.2d 4 (1943).
Affirmed.